IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                                    :    Chapter 13

Robert Szczyporski and                                    :
Bonnie Szczyporski,

                Debtors.    :    Case No.: 19-14584 (JKF)

## MEMORANDUM OPINION AND ORDER

The Debtor, Robert Szczyporski, has objected to a portion of the U.S. Government's tax claim in his chapter 13 case. The portion to which he objects is the priority claim of approximately $2000 for the exactment, under the Affordable Care Act, 42 U.S.C. § 18001 et seq., for a shared responsibility payment (SRP) assessed on taxpayers who do not maintain health insurance for at least a month in a given tax year; in this case for 2018.[1] There are no facts in dispute. The only issues before the Court are whether the SRP is a tax and whether, if so, it is entitled to priority under title 11 of the U.S. Code (Code). The Debtor contends that the SRP is a penalty and not a tax and, therefore, is not entitled to priority treatment.

The question of whether it is a tax or penalty requires a "functional analysis" in accordance with the decision of the U.S. Supreme Court in *U.S. v. Reorganized CF&I Fabricators of Utah, Inc., et al.*, 518 U.S. 213, 224, 116 S.Ct. 2106, 2113, 135 L.Ed.2d 506 (1996) ("CF&I"). In making this determination, the parties argue whether the Court

---

1 This exactment has been reduced for all subsequent years to $0 by 2017 tax reform law.

is to be guided by the 2005 Third Circuit decision in *In Re United Healthcare Systems, Inc.*, 396 F.3d 247 (3d Cir. 2005) ("United Healthcare") and, if so, where that analysis comes out, and the 2012 U.S. Supreme Court decision in *National Federation of Independent Business v. Kathleen Sebelius*, 567 U.S. 519, 132 S.Ct. 2566 (2012) ("*Sebelius*"), and whether that case is determinative of both questions before this Court. One additional issue was raised, which the Court asked the parties to brief; i.e., whether res judicata precludes the government's argument that the SRP is an income tax.

As noted, in 2005, this Circuit provided some guidance as to what constitutes the appropriate functional analysis. The government argues that this is precisely the analysis the Supreme Court performed in *Sebelius* and we need to look no further than that decision to conclude both that the SRP is a tax and that it is entitled to priority treatment as such. The Debtor argues that *Sebelius* is inapplicable since it does not address how the SRP will affect a bankruptcy case and that the Court should perform an analysis in accordance with *United Healthcare* and determine that the SRP is a penalty.

With regard to the question of whether the SRP is a tax, *Sebelius* is dispositive. Therein, the Chief Justice performed the necessary functional analysis and determined that the SRP clearly is a tax and his analysis is exactly the type of determination the Third Circuit requires in *United Healthcare* and, even if it were not, the 2012 decision of the Supreme Court abrogates any aspects of the *United Healthcare* decision that might mandate a different analysis. The High Court determined that the SRP may, for constitutional purposes, be considered a tax, as the payment is not so high that there really is no choice but to buy health insurance; it is based on the

taxpayer's adjusted gross income; the payment is not limited to willful violations, as penalties for unlawful acts often are; and the payment is collected solely by the IRS through the normal means of tax collection. 567 U.S. 519, 566-67, 132 S.Ct. 2566, 2595-96, 183 L.Ed.2d 450 (2012). The Court noted that the payment was intended to impact individual conduct, but that "taxes that seek to influence conduct are nothing new." *Id.*, at 567, 132 S.Ct. at 2596. Most importantly, the Court stated, "[i]n distinguishing penalties from taxes, this Court has explained that 'if the concept of penalty means anything, it means punishment for an unlawful act or omission.'" *Id.* quoting *CF&I*, 518 U.S.at 224 (other citations omitted)." Moreover, the monies are paid into the general fund, there is no benefit to the taxpayer and the government controls the amount of the exaction, all factors which point to a tax rather than a penalty. *Id.* at 574. Accordingly, the SRP is a tax for purposes of the Code. *United Healthcare* does not mandate a different result, relying as it does on the nature of the obligation (in that case, something more akin to a contractual debt) and the benefit conferred on the taxpayer that was unavailable to other taxpayers. As the Debtor notes in his memorandum in support of his objection, the Third Circuit provides very little guidance on how and what factors are to be considered in the functional analysis and no other guidance that would suggest that the *Sebelius* analysis would not control here.

  Accordingly, it only remains to determine whether this tax falls within the Code's list of priority taxes; i.e., whether it is an excise or an income tax entitled to priority under § 507(a)(8). The Debtor argues that the government is precluded by res judicata from arguing that the SRP may be considered an income tax since it failed to designate it as such in its proof of claim, the Debtor's plan referred to it as an excise tax (while

3

reserving his objection thereto and the government's failure to object to plan confirmation based on that characterization. Despite being given the opportunity to brief the applicability of res judicata in the claim objection and the plan confirmation processes, the Debtor only argues that the plan controls, but cites no authority that suggests that either the government's or the plan's characterization give rise to res judicata and the Court knows of no such authority.[2] Accordingly, the government is free to argue both positions.

The Constitution only authorizes four types of taxes: duties, excise taxes, income taxes and direct taxes. *Matter of Cousins*, 601 B.R. 609, 619 (E.D.La. 2019). Since the SRP is not a duty imposed on the importation of goods or a direct tax, *Sebelius*, 567 U.S. at 570-571, it must either be an income or an excise tax. We do not need to determine which as both are given priority by the Code and all of the other § 507 requirements are met by the SRP in this case. Accordingly, the Debtor's objection is overruled, and the government's claim is entitled to priority under § 507(a)(8). So ordered.

BY THE COURT

Dated:  June 23, 2020

_____
HONORABLE JEAN K. FITZSIMON
United States Bankruptcy Judge

---

[2] Indeed, there is no preclusive effect resulting from the confirmed plan as to the IRS's characterization of its priority claim. See *In re Guilbeau*, 74 B.R. 13, 14 (Bankr.W.D.La.1987)) (explaining that "[t]he Order of Confirmation is *res judicata* as to all justiciable issues decided or which could have been decided at the hearing on confirmation'") The plan itself listed the IRS claim among the priority debts but simply reserved the right to pursue the existing objection to the IRS priority claim. See Third Amended Plan, Part 9. No ruling had even been made as to the IRS claim until today. It is this Court's ruling as to the priority status of the IRS claim which is entitled to res judicata effect.

4

Copies to:

<u>Debtor's Counsel</u>
Sergey Joseph Litvak, Esquire
Litvak Legal Group PLLC
3070 Bristol Pike
Bldg One, Suite 124B
Bensalem, PA 19020

<u>Counsel for IRS</u>
U.S. Dept. of Justice
Kyle L. Bishop, Esquire
P.O. Box 227
Washington, D.C. 20044